UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) BARRY ZLOTOGURA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: CIV-12-516-M |
| 1) PROGRESSIVE DIRECT INSURANCE COMPANY, a Foreign Corporation, | ) | *(formerly District Court of Lincoln County; Case No. CJ-2011-217)* |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Direct Insurance Company, a Foreign Corporation (hereinafter referred to as "Progressive"), hereby removes the above-captioned action from the District Court in Lincoln County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2(a), a certified copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-7**. Progressive has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

1.   Plaintiff Barry Zlotogura ("Plaintiff") commenced this action against Progressive in the District Court of Lincoln County, State of Oklahoma (Case No. CJ-2011-217), on October 27, 2011. (*See* Plaintiff's Petition, attached as **EXHIBIT 2**.)

2.   On April 18, 2012, pursuant to Oklahoma Statute, Title 36, Section 621(B) Plaintiff served a summons and copy of the Petition against Progressive by service of process

upon the Oklahoma Insurance Commissioner. (*See* Return of Service Documents, attached as **EXHIBIT 8**.)

3.  In his Petition, Plaintiff alleges that "[o]n or about April 3, 2012, the Plaintiff, Barry Zlotogura, and Roger Brewer were riding motorcycles together on Highway 66 in Lincoln County. . . . Thereafter, Roger Brewer, negligently struck the stopped motorcycle occupied by the Plaintiff, Barry Zlotogura, causing great bodily injury to the Plaintiff, including the eventual loss of his leg." (*See* Petition, attached as **EXHIBIT 2,** p.1, ¶ 5.) As a result of subject accident, Plaintiff alleges that he suffered "serious bodily injuries, including the eventual amputation of his leg, incurred medical bills in excess of $100,000.00, suffered pain of body and mind, and will continue to suffer said pain in the future, sustained permanent disfigurement together with ongoing future medical expenses for his prosthetic leg and foot, coupled with ongoing expenses to maintain his current level of recovery, all for which he has been damaged in an amount in excess of $100,000.00." (*See* Petition, **EXHIBIT 2**, pp. 1 - 2, ¶¶ 4 - 5.)

4.  At the time of the relevant accident, Progressive insured Plaintiff under policy number 32695785-4. The policy provided underinsured motorist coverage in the amount of $500,000.00 (combined single limit). (*See* Declarations Page, attached as **EXHIBIT 9**.)

5.  This case became removable upon service to Progressive. Specifically, "federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court

to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. There exists diversity jurisdiction in this case.

6. Specifically, pursuant to 28 U.S.C. §1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

7. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, attached as **EXHIBIT 2**, p.1, ¶ 1; *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Ohio.

8. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c). While Congress never exactly defined what is a "principal place of business," the Supreme Court held unanimously that a corporations principal place of business is presumed to be the place of the corporations "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

9. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Ohio, and its "nerve center" or "principal place of business" is Ohio. Progressive Direct was not a citizen of the State of Oklahoma (*See* 2010 Annual Statement, attached as **EXHIBIT 10**.).

10. The requirement that Plaintiff seek in excess of $75,000.00, exclusive of interest and cost, is also met. "The right of removal depends upon the case disclosed by the pleadings when a petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). Here, as disclosed by the pleadings, Plaintiff specifically set forth that he is seeking "the full amount of available policy limits, coupled with policy limit satisfaction, interest as provided for by law, a reasonable attorney fee, and any and all further relief deemed justified in the premises." Of course, as demonstrated herein, policy limits are $500,000.00, far in excess of $75,000.00. (*See* Petition, **EXHIBIT 2**, p.2, ¶ 8.)

11. Therefore, based on the foregoing, removal is proper under 28 U.S.C. §1441(a) on the ground that this is a civil action over which the Court has original jurisdiction under 28 U.S.C. §1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs.

12. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. §1441(b). As shown above, Progressive is not a citizen of the State of Oklahoma, the state in which this action was brought.

13. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. §1446(b), because 30 days have not elapsed since this action became removable to this Court. (*See* Return of Service Documents, served on April 18, 2012, **EXHIBIT 8**.) Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on October 27, 2011, **EXHIBIT 2**.)

14. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. §1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the District and Division within which such action is pending." 28 U.S.C. §1146(a). Currently, this action is pending in the District Court of Lincoln County, State of Oklahoma. The Western District of Oklahoma includes the County of Lincoln County. *See* 28 U.S.C. §116(c). Therefore, removal to this Court is proper.

15. Pursuant to 28 U.S.C. §1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive will file a copy of the Notice of Removal with the Clerk of the District Court in and for Lincoln County, State of Oklahoma.

WHEREFORE, Defendant, Progressive, removes this action from the District Court in and for Lincoln County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

_____
Brad L. Roberson, OBA No. 18819
Dearra R. Godinez, OBA No. 30088
PIGNATO, COOPER,
   KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This certifies that on May 7, 2012, the above and foregoing instrument was delivered to the following counsel of record:

| | |
|---|---|
| Michael L. Bardrick, Esquire<br>LAW OFFICES OF MICHAEL L. BARDRICK<br>2548 Northwest Expressway<br>Oklahoma City, Oklahoma 73112<br>**ATTORNEY FOR PLAINTIFF** | *VIA CERTIFIED MAIL* |
| Thomas J. Steece, Esquire<br>6303 North Portland Avenue<br>Oklahoma City, Oklahoma 73112<br>**ATTORNEY FOR PLAINTIFF** | *VIA CERTIFIED MAIL* |
| Ms. Cindy Kirby<br>Lincoln County Court Clerk<br>5 Courthouse<br>811 Manvel Avenue<br>Chandler, Oklahoma 74834 | *VIA U.S. MAIL* |

_____
For the firm