## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARRY ZLOTOGURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-516-M |
| | ) | |
| PROGRESSIVE DIRECT INSURANCE | ) | |
| COMPANY, a Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Compel Production of Settlement Agreement, filed March 25, 2013.  On April 15, 2013, plaintiff filed his response, and on April 22, 2013, defendant filed its reply.  Based upon the parties' submissions, the Court makes its determination.

I.      Background

On April 3, 2010, plaintiff, his son Evan Zlotogura, and Roger Brewer ("Brewer") were riding motorcycles together on State Highway 66 in Lincoln County, Oklahoma.  Plaintiff's and Brewer's motorcycles collided, and plaintiff was injured.  At the time of the accident, defendant Progressive Direct Insurance Company ("Progressive") insured plaintiff under a policy that provided UIM coverage in the amount of $500,000.  At the time of the accident, plaintiff was also insured by American National Property and Casualty Company ("American National").

On October 27, 2011, plaintiff filed suit against Progressive for damages exceeding Brewer's liability policy limits of $100,000.  Progressive served plaintiff's counsel with its First Set of Requests for Production of Documents on August 17, 2012.  Progressive's Request for Production No. 11 requested:

> A copy of any letter, memorandum or other Document relating to or
> reflecting any payment of funds and/or settlement agreement made

between the Plaintiff, Defendant and/or any other Person, other entity or potential party to the subject lawsuit.  This Request is intended to include any evidence of any payment made by Roger Brewer to You, and any covenant, loan receipt or like settlement Document which has been executed by either the Plaintiff and/or Defendant or any other person, which relate in any way to the events which form the basis of this lawsuit, the claims being asserted by either the Plaintiff or Defendant in this lawsuit and/or any injuries or damages claimed by the Plaintiff in this lawsuit.

Defendant's First Set of Interrogatories, Requests for Production of Documents, and Request for Admissions to Plaintiff, attached as Exhibit 1 to Progressive's Motion to Compel Production of Settlement Agreement, at 13.  On September 20, 2012, plaintiff responded to Request for Production No. 11 by providing a copy of the settlement draft from Brewer's liability insurer.

On October 2, 2012, plaintiff filed an application to add American National as an additional party/defendant.  On November 11, 2012, the Court granted plaintiff's application.  On or before February 20, 2013, plaintiff and American National entered into a settlement agreement, which includes a confidentiality clause.[1]  On February 20, 2013, plaintiff and American National notified the Court of this compromise settlement and requested the Court to dismiss American National with prejudice, and on that same date, the Court entered an Order of Dismissal with Prejudice, which dismissed all pending claims between plaintiff and American National with prejudice.

---

[1]In his response, plaintiff includes the following excerpt from the settlement agreement:

The parties hereto acknowledge and agree that the terms, conditions, and contents of this settlement agreement are *confidential*.  The parties accordingly agree that the terms or conditions of this settlement can only be disclosed by the parties to their legal or financial/tax advisors, or if compelled to do so, by subpoena or court order compelling such disclosure issued by any court competent of jurisdiction.  Inquiries from outside parties (other than parties to this agreement) will only be informed that "the matter has been resolved."

Plaintiff's Response and Objection to Defendant's Motion to Compel Production of Settlement Agreement at 4.

On February 20, 2013, counsel for Progressive requested plaintiff supplement his response to Request for Production No. 11 and provide a copy of the settlement agreement with American National. Plaintiff responded that as part of the consideration for the settlement agreement, the parties agreed that they may only inform others that the matter has been resolved. Progressive now moves, pursuant to Federal Rule of Civil Procedure 37, for this Court to compel plaintiff to produce the settlement agreement entered into with American National.

II.    Discussion

Progressive contends that the settlement agreement that plaintiff entered into with American National is discoverable under Federal Rule of Civil Procedure 26(b)(1). Progressive first asserts that the Tenth Circuit has not recognized a "settlement privilege" and that until it does, plaintiff's settlement agreement with American National is not privileged material. Progressive then asserts that the settlement agreement is discoverable because it is relevant as Progressive may be entitled to an adjustment or an apportionment of any damages awarded to plaintiff based on the proceeds tendered to plaintiff by American National. Additionally, Progressive contends that without knowledge of the terms and the amount of the settlement agreement entered into between plaintiff and American National, Progressive is unable to procedurally evaluate the claims asserted against it. Progressive asserts that without knowledge of the amount of plaintiff's settlement with American National, it is impossible for Progressive to evaluate the risks associated with proceeding to trial and it is impossible for Progressive to realistically plan its defense strategy. Progressive also contends that disclosure of the terms of said agreement may promote settlement talks between plaintiff and Progressive. Finally, Progressive asserts that Federal Rule of Evidence 408 does not prevent discovery of the settlement agreement.

Plaintiff contends that the settlement agreement he entered into with American National is not relevant until a final judgment has been rendered and will not be relevant to the legal issues in this case other than the final apportionment of damages. Plaintiff further contends that public policy favors the private settlement of lawsuits, therefore warranting the recognition of a settlement privilege. Finally, plaintiff asserts that he may not disclose the terms of the settlement agreement without a proper court order, because he is contractually bound to honor the terms and conditions of the settlement agreement.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The Tenth Circuit has not recognized a "settlement privilege." *See Bird v. Regents of N.M. State Univ.*, Civ. No. 08-0851 BB/LAM, 2010 WL 8973917, at *4 (D.N.M. June 15, 2010). Absent direction from the Tenth Circuit, the Court declines to imply the existence of such a privilege under Federal Rule of Evidence 408. Accordingly, the Court finds that the settlement agreement between plaintiff and American National is not privileged. The Court also finds that Rule 408 "precludes only the admissibility of settlement negotiations, not the discoverability of such evidence." *Id.* Finally, the Court finds that the settlement agreement is relevant to the claims and defenses in this action. Specifically, the Court finds that the settlement agreement between plaintiff and American

4

National is relevant as follows: (1) it is relevant because Progressive may be entitled to an adjustment or an apportionment of any damages awarded to plaintiff based on the proceeds tendered to plaintiff by American National; (2) it is relevant to Progressive's ability to procedurally and properly evaluate the claims against it, to evaluate the risks associated with proceeding to trial, and to plan its defense strategy; and (3) it is relevant to Progressive's ability to engage in settlement discussions with plaintiff.  While the Court recognizes that the first listed area of relevance does not arise until after final judgment has been rendered, the second and third listed areas of relevance are applicable during the pretrial phase of this matter.  The Court, therefore, finds that plaintiff should be compelled to produce the settlement agreement entered into with American National.

III.   Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Compel Production of Settlement Agreement [docket no. 38] and ORDERS plaintiff, within seven (7) days of the date of this Order, to produce to Progressive the settlement agreement entered into between plaintiff and American National.

**IT IS SO ORDERED this 1st day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE